IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELINE P. CHASTAIN | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | No. 3:13-CV-00317-M |
| UNITED PARCEL SERVICE, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Partial Motion to Dismiss, filed by Defendant United Parcel Service, Inc. ("UPS") [Docket Entry #15]. For the reasons set forth below, the Motion is **DENIED.**

I.  BACKGROUND

This action presents claims for alleged age and disability discrimination arising under the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"). Plaintiff Jacqueline Chastain worked for UPS from July 2, 1996, until August 6, 2010. She claims that due to various medical problems in her lower extremities, she required use of a dolly to perform her work as a loader. Sometime in 2008, Chastain's supervisor made the dolly inaccessible to Chastain. At some point after that, Chastain requested that UPS return the dolly to assist with her loading duties. UPS denied that request.

Chastain claims UPS violated the ADA by, among other things, failing to reasonably accommodate her disability. UPS filed a Partial Motion to Dismiss, targeted only at Chastain's reasonable accommodation claim, on the grounds that it was untimely filed. The single issue raised by the Motion is whether Chastain's reasonable accommodation claim arose more than

300 days before she filed her charge with the Equal Employment Opportunity Commission on June 1, 2010.

## II.  DISCUSSION

To preserve a claim under the ADA, plaintiffs must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act.  *See* 42 U.S.C. § 12117 (incorporating 42 U.S.C. § 2000e-5(e)); *see also Ramirez v. City of San Antonio*, 312 F.3d 178, 181 (5th Cir. 2002) (finding a plaintiff's discrimination claim untimely when more than 300 days had passed between the alleged discriminatory act and the plaintiff's filing with the EEOC).  Filing an EEOC charge "is a precondition to filing suit in district court."  *See Cruce v. Brazosport Indep. School Dist.*, 703 F.2d 862, 863 (5th Cir. 1983).  Chastain filed a discrimination charge with the EEOC on June 1, 2010.  Thus, the challenged events are actionable only if they occurred on or after August 4, 2009, 300 days before she filed her EEOC charge.

When the claim arises from an alleged failure to make a reasonable accommodation, "the pivotal question in assessing statute of limitations issues is whether [plaintiff] made a specific request for accommodation that was denied during the statutory period."  *Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 133 (1st Cir. 2009); *see also Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 165 (5th Cir. 1996).  In other words, a reasonable accommodation claim accrues only when the plaintiff requests an accommodation, and the defendant denies the request.  Here, Chastain does not allege that UPS violated the ADA simply by removing the dolly in 2008.  Rather, her claim is based on UPS's refusal to return the dolly after she requested it to help her complete her loading duties.  Her claim did not accrue until UPS first denied this request.[1]

---

[1] UPS does not argue that it was unaware of Chastain's request for a reasonable accommodation, nor does it argue that it never denied Chastain's request to use a dolly.

According to Chastain's Amended Complaint, she made multiple requests for accommodation, and UPS denied these requests, within 300 days of her EEOC filings. Chastain pleads:

> [O]n multiple later occasions, including occasions resulting from changes in her physical condition relating to her mobility impairment, *and within 300 days prior to filing her EEOC Charge of Discrimination*, Chastain notified UPS that she needed the dolly to do her job efficiently due to her mobility impairment. However, UPS provided no explanation as to why the dolly would not be made available for her to use after these requests and it remained locked away, unavailable to her for a long period of time. Chastain's notifications as described herein were requests for reasonable accommodation which were effectively denied by UPS.

*Pl.'s Am. Compl.* ¶ 18 [Docket Entry #13] (emphasis added).

Discovery may very well reveal that Chastain requested an accommodation in 2008, when use of the dolly was no longer made available to her, but the Amended Complaint does not say so. UPS's 12(b)(6) motion is based on the facts pleaded. Those facts, viewed in the light most favorable to Plaintiff, do not clearly support UPS's contention that Chastain requested, and UPS denied, an accommodation outside of the 300-day period. *See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (when resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded facts, and view them in the light most favorable to the plaintiff). Accordingly, UPS's Partial Motion to Dismiss is **DENIED**.

**SO ORDERED**.

July 10, 2013.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS